# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

OFFICE CREATE CORPORATION,

                    Plaintiff,

      - against –

COKeM INTERNATIONAL LTD.

                Defendant.

Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Office Create Corporation ("**Plaintiff**" or "**OC**"), by and through its undersigned counsel, by this Complaint against defendant COKeM International Limited ("**Defendant**" or "**COKeM**"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for contributory trademark infringement, unfair competition, false designation of origin under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a); and unjust enrichment.

## THE PARTIES

2.      Plaintiff is a corporation established under the laws of Japan, with its principal place of business located at 2-10-16, Aobadai, Aoba-ku, Yokohama-shi, Kanagawa, Japan.

3.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 5651 Innovation Blvd., Shakopee, MN 55379.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant and venue is proper in this Judicial District under 28 U.S.C. § 1391(b) as Defendant is organized and exists under the laws of the State of Minnesota and has a principal place of business within this Judicial District.

## BACKGROUND FACTS

### A.     The Success and Popularity of Cooking Mama®

6.     Plaintiff is the owner of intellectual property relating to the successful "Cooking Mama" video game franchise including, *inter alia*, registered trademarks and copyrights.  The Cooking Mama trademark, the beloved "Mama" character, the look, feel and gameplay of the Cooking Mama games are widely known and enjoy substantial goodwill in the gaming marketplace.

7.     The original Cooking Mama video game was created for the Nintendo DS platform in 2006. The first Cooking Mama for the DS was a huge success, selling approximately 140,000 copies in Japan, 3.5 million copies in North America, and 1.35 million copies in Europe.  Cooking Mama was awarded IGN's prestigious "Best Of E3" award for 2006.

8.     After the release of the first Cooking Mama for the DS, the first game for the Nintendo Wii platform – "Cooking Mama: Cook Off" (English title) – was released in 2007. The new Wii platform built upon Cooking Mama's success by providing new motion controls that provided immersive gameplay and added a new dimension to the realism of the cooking process. At the end of the same year, the second game in the series, "Cooking Mama 2: Dinner with

Friends" was released for the DS.  Cooking Mama: Cook Off received the American Library Association's Great Interactive Software for Kids Award in 2008.

9.     The success of the Cooking Mama franchise continued on Nintendo gaming platforms with the successive launches of: World Kitchen (Wii; 2008), Cooking Mama 3: Shop & Chop (DS; 2009), Cooking Mama 4: Kitchen Magic (3DS; 2011), Cooking Mama 5: Bon Appétit! (3DS; 2014), and Cooking Mama Sweet Shop (3DS; 2017). The beloved Mama character also appeared in other gaming adventures outside of the kitchen in Gardening Mama (DS; 2009), Crafting Mama (DS; 2010), Babysitting Mama (Wii; 2010), Camping Mama: Outdoor Adventures (DS; 2011) and Gardening Mama 2: Forest Friends (3DS; 2013).

10.     While the Cooking Mama games had previously been exclusive to the Nintendo gaming platforms, OC has developed Cooking Mama smartphone apps: Cooking Mama: Let's Cook! (2015), Cooking Mama Let's Cook Puzzle (2016), and Cooking Mama: Cuisine! (2022). The Cooking Mama apps have been downloaded more than 100 million times.

11.     The "*Cooking Mama*" trademark is registered in, *inter alia*, the United States (78956360), Canada (TMA747815), United Kingdom (UK00905274956, UK00906801261), Germany (006801261), Australia (1650821), European Union (005274956, 006801261) India (2133758), Japan (5181103), China (6162621, 6162622), Hong Kong (302387368), Korea (4007977910000) and Taiwan (01641761). The Cooking Mama trademark is famous and has acquired secondary meaning.

12.     Examples of gameplay screenshots from past "Cooking Mama" series games are shown below:

**Cooking Mama (2006)**



**Cooking Mama: Cook Off (2007)**



**Cooking Mama 2: Dinner with Friends (2007)**



**Cooking Mama 3: Shop & Chop (2009)**



**Cooking Mama 4: Kitchen Magic (2011)**



**Cooking Mama 5: Bon Appetit! (2014)**



13.     OC is the owner of the entire right, title, and interest in all Cooking Mama intellectual property, including the copyrights and trademarks together with the goodwill associated with the Cooking Mama business (collectively referred to herein as "**OC's IP**").

14.     Over the years, OC's IP has been licensed to major video game companies, including Majesco Entertainment and Taito Co., Ltd.  OC has established uniform marketing and design policies/guidelines for its licensees in order to protect its valuable and distinctive intellectual property rights and to ensure quality control.

**B.     Cooking Mama: Cookstar**

15.     In October 2016, Nintendo announced its latest gaming platform – the Nintendo Switch ("**Switch**"). The Switch became available to customers in March 2017. The Switch included a new controller design called a "Joy-Con". Because of the prior success of Cooking Mama, Nintendo asked OC if it intended to release a Switch version, however OC was working on the smartphone version of Cooking Mama at that time. OC chose not to pursue the development of a Cooking Mama game for use on the Switch at that time.

16.     By May 2018, the Switch platform was showing signs of positive market acceptance and OC decided it was a good time to consider the development of a Cooking Mama game for use on the Switch platform.

17.     OC was approached by Mr. Steve Grossman ("**Grossman**"), the CEO of Planet Entertainment, LLC ("**Planet**"), to have Planet develop a Switch version of Cooking Mama, which would later be titled "Cooking Mama: Cookstar".

18.     In August 2018, OC and Planet entered into a "Licensing Agreement" for the development and sale of a Cooking Mama game for use on the Switch.

19.     As detailed below, on March 31, 2020, Planet, Grossman and COKeM launched the unauthorized and unlicensed Switch version of Cooking Mama: Cookstar (front cover art shown below):



**C.     Cooking Mama: Cookstar Has Already Been Found Infringing in Related Proceedings**

20.     On March 30, 2020, OC notified Planet of its immediate termination of the license due to Planet's intentional material breach of the Licensing Agreement.

21.     OC initiated binding international commercial arbitration seated in New York, NY under New York law and administered by the International Chamber of Commerce ("**ICC**") ("**the Arbitration**") against Planet and Grossman.   The three-member arbitral tribunal ("**Arbitral Tribunal**") found, *inter alia*, that the Switch and PlayStation 4 ("**PS4**") versions of Cooking Mama: Cookstar infringe OC's IP.

22.     On October 3, 2022, the Arbitral Tribunal issued a final award ("**Arbitration Award**") in OC's favor, a copy of which is appended hereto as **Exhibit 1**, in which it found, *inter alia*:

   a.  Planet materially breached the Licensing Agreement by releasing the Switch and PS4 versions of Cooking Mama: Cookstar (Exhibit 1 at ¶¶184(a) – (h); ¶196(a));

   b.  OC validly terminated the Licensing Agreement with Planet, effective April 29, 2020 (Exhibit 1 at ¶184(i); ¶196(b));

c.  The Switch and PS4 versions of Cooking Mama: Cookstar infringe OC's copyrights in violation of 17 U.S.C. §501 (Exhibit 1 at ¶136);

d.  The Switch and PS4 versions of Cooking Mama: Cookstar infringe OC's Cooking Mama trademark in violation of 15 U.S.C.§ 1114 (Exhibit 1 at ¶126);

e.  The Switch and PS4 versions of Cooking Mama: Cookstar falsely designate OC as the origin of the products in violation of 15 U.S.C. §1125(a) (Exhibit 1 at ¶126);

f.  Planet and Grossman willfully and intentionally infringed the Cooking Mama trademark in violation of 15 U.S.C.§ 1114 (Exhibit 1 at ¶¶126, 152 and 184(j));

g.  Planet and Grossman willfully and intentionally engaged in false designation of origin in violation of 15 U.S.C. § 1125(a) (Exhibit 1 at ¶¶126 and 184(l));

h.  Planet and Grossman willfully infringed OC's copyrights in violation of 17 U.S.C. § 501 (Exhibit 1 at ¶184(o));

i.  Planet's corporate veil is properly pierced as against Grossman – Planet and Grossman are joint and severally liable to OC in connection with the relief granted in the Arbitration Award (Exhibit 1 at ¶196(c));

j.  Planet and Grossman were "ordered to destroy all copies of all infringing labels, packages, advertisements, software code (in all forms and formats), art files, resources, Games, Products and other articles, including the deletion of all digital files on cloud servers, backup drives, and personal computers under the physical, legal or contractual control of the Respondents or 1st Playable Productions, LLC" ("**1st Playable**") (Exhibit 1 at ¶196(h)); and

k.   Planet and Grossman were ordered to pay US$20,913,200 (plus 9% interest on any unpaid amounts) to OC representing Planet's profits from the sales of the infringing Cooking Mama: Cookstar games (Exhibit 1 at ¶¶196(j) and (n)).

23.   The Tribunal awarded damages in the amount of US$20,913,200 based upon the Lanham Act violations.  (Exhibit 1 at ¶¶141-151).

24.   On September 11, 2023, the District Court for the Southern District of New York granted Plaintiff's petition to confirm the Arbitration Award and entered judgment in favor of Plaintiff pursuant to the Arbitration Award.

25.   On January 30, 2024, the District Court for the Southern District of New York entered the Amended Judgment in favor of Plaintiff pursuant to the Arbitration Award.  A copy of the Amended Judgment is appended hereto as **Exhibit 2**.

26.   On January 24, 2024, the Court of Appeals for the Second Circuit, dismissed Planet/Grossman's appeal effective January 9, 2024.  A copy of the mandate is appended hereto as **Exhibit 3**.

**D.   COKeM's Role in the Infringement of OC's IP**

27.   Planet engaged COKeM for the distribution of the "Cooking Mama: Cookstar" games throughout, *inter alia*, North America.

28.   COKeM and its Chairman, Mr. Paul Eibeler, knowingly enabled and actively contributed to the infringement by Planet and Grossman.

29.   On March 31, 2020, COKeM and Planet launched Cooking Mama: Cookstar for the Switch on the Nintendo eShop on March 31, 2020.  However, the game was removed from the eShop later that same day upon the determination that the launch was neither authorized nor licensed by OC.

30.   On April 15, 2020, OC published a press release, which stated:

We would like to thank our fans and customers for their support over the years for the Cooking Mama franchise. As many of you know, Planet Entertainment LLC (Headquarters: Connecticut, USA; "Planet") recently released "Cooking Mama: Cookstar" for sale in the U.S., Europe and Australia. This was an unauthorized release in breach of Planet's contract with Office Create.

In August 2018, Office Create licensed Planet to develop the Cooking Mama: Cookstar game for Nintendo Switch™. Unfortunately, the quality of the game builds failed to meet the standards that our customers expect and deserve. Office Create rejected a wide range of deficiencies affecting the overall feel, quality and content of the game. Yet, despite being contractually obligated to correct the identified deficiencies and resubmit the corrected game for Office Create's approval, Planet proceeded to release Cooking Mama: Cookstar without addressing all of the rejections and without Office Create's approval.

We have also learned that Planet and/or its European distributor has been promoting an upcoming European release of a PS4™ version of Cooking Mama: Cookstar. Office Create has not licensed Planet (or any other entity) to create any Cooking Mama games for PS4 TM. Office Create itself has not been involved in the development of any PS4 TM Cooking Mama game.

On March 30, 2020 Office Create notified Planet of its immediate termination of the license due to Planet's intentional material breach of the license contract. Despite such notice, Planet continues to advertise and sell the unauthorized version of Cooking Mama: Cookstar on its website in willful violation of Office Create's rights. To date, Planet has not confirmed the status of the unauthorized PS4™ version.

Office Create is evaluating all legal action against Planet to protect our customers, intellectual property rights and the Cooking Mama series. In the meantime, we thank our customers and loyal Cooking Mama fans for their continued support and sincerely regret any confusion and disappointment that has been caused by Planet's conduct.

31.     COKeM and its Chairman, Mr. Paul Eibeler, were aware of OC's press release.

32.     COKeM and its Chairman, Mr. Paul Eibeler, were aware that the Switch version of Cooking Mama: Cookstar had been released without OC's approval.

33.     COKeM and its Chairman, Mr. Paul Eibeler, were aware of OC's termination of Planet's license.

34. Despite OC's valid termination of the Licensing Agreement, Planet and Grossman continued to promote, market, distribute and sell the unauthorized and infringing copies of the Cooking Mama: Cookstar game, thereby infringing OC's IP.  COKeM knowingly contributed to and indeed enabled and facilitated said infringement.

35. Unable to sell Cooking Mama: Cookstar on the Nintendo eShop, COKeM, Planet and Grossman resorted to sales of the physical copies of the game they had already purchased from Nintendo.

36. COKeM and its Chairman, Mr. Paul Eibeler, were aware that the launch of Cooking Mama: Cookstar was interrupted by OC's press release.

37. COKeM and its Chairman, Mr. Paul Eibeler, were aware that Nintendo had removed Cooking Mama: Cookstar from the Nintendo eShop.

38. COKeM and its Chairman, Mr. Paul Eibeler, were aware that Nintendo had removed Cooking Mama: Cookstar from the Nintendo eShop.

39. COKeM's Chairman, Mr. Paul Eibeler, had personally engaged in efforts to have Cooking Mama: Cookstar included in a Nintendo marketing and promotional program including "Nintendo Direct".

40. COKeM's Chairman, Mr. Paul Eibeler, contacted Mr. Steve Singer at Nintendo America about the possibility of Cooking Mama: Cookstar being included in a Nintendo promotion such as Nintendo Direct.

41. COKeM and its Chairman, Mr. Paul Eibeler, were aware that the Cooking Mama: Cookstar game had been removed from Nintendo's marketing and promotional program.

42. COKeM and its Chairman, Mr. Paul Eibeler, were aware that Nintendo had stopped production of the physical copies of the Cooking Mama: Cookstar game.

43.     COKeM and its Chairman, Mr. Paul Eibeler, knowingly and actively engaged in the promotion, marketing, distribution, and sale of the unauthorized and infringing Cooking Mama: Cookstar games.

44.     COKeM placed order(s) with Nintendo for physical copies of the Switch version of Cooking Mama: Cookstar despite knowing that Nintendo had removed the digital version of the game from the Nintendo eShop.

45.     COKeM placed order(s) with Nintendo for physical copies of the Switch version of Cooking Mama: Cookstar despite knowing that Nintendo had stopped production of the physical copies of the game.

46.     COKeM placed order(s) with Nintendo for physical copies of the Switch version of Cooking Mama: Cookstar despite knowing that Nintendo had refused to fill orders placed by Planet/Grossman for physical copies of the game.

47.     The packaging of the Switch version of Cooking Mama: Cookstar indicates the game was distributed by COKeM (*see* annotated image below).



48.     Mr. Paul Eibeler "personally as Chairman of COKeM," played a direct role in the infringement of OC's IP.

49.     Mr. Paul Eibeler, "personally as Chairman of COKeM," assisted Planet by attending several presentations with retailers including, *inter alia*, Target Corporation.

50.     The COKeM sales team assisted Mr. Eibeler in presentations with potential retailers.

51.     COKeM successfully distributed an initial 75,000 physical copies of the infringing Cooking Mama: Cookstar Switch versions of the game.

52.     COKeM and its Chairman, Mr. Paul Eibeler, were aware that all marketing support for Cooking Mama: Cookstar had subsequently stopped, and retailers were upset that they could not replenish the inventory in stores resulting in empty shelves.

53.     Nintendo refused to sell Planet/Grossman additional physical copies of the infringing Cooking Mama: Cookstar game.

54.     COKeM and its Chairman, Mr. Paul Eibeler, were aware that there was backlash from retailers and customers because shipments of the Cooking Mama: Cookstar game had been halted.

55.     Unable to purchase additional physical copies of the infringing Cooking Mama: Cookstar game, Grossman turned to COKeM and its Chairman, Mr. Paul Eibeler, for assistance in circumventing Nintendo's refusal to sell to Planet/Grossman.

56.     In late 2020, COKeM, with Mr. Eibeler's knowledge, assistance and approval, actively contributed to Planet's infringement by placing its own order for physical copies of the Cooking Mama: Cookstar game.

57. COKeM was able to circumvent Nintendo's refusal to sell to Planet/Grossman, by purchasing an additional 50,000 physical copies of the infringing Cooking Mama: Cookstar Switch versions of the game directly from Nintendo for the purpose of distributing those infringing copies to customers.

58. COKeM continued to promote, distribute, offer for sale and sell the Switch version of Cooking Mama: Cookstar until at least November 3, 2022.

59. COKeM further contributed to Planet/Grossman's infringement by actively supporting Planet/Grossman's defense of the arbitration brought by OC against Planet/Grossman. COKeM's contribution included, *inter alia*, its Chairman, Mr. Paul Eibeler, serving as an "expert witness" for Planet/Grossman.

60. Mr Eibeler submitted an expert report and provided sworn testimony in support of Planet/Grossman's defense at the final evidentiary hearing in the Arbitration.

61. In March 2021, Planet/Grossman released the PS4 version of Cooking Mama: Cookstar.

62. COKeM and its Chairman, Mr. Paul Eibeler, were aware that OC had not licensed Planet (or any other entity) to create any Cooking Mama games for PS4.

63. COKeM also served as, *inter alia*, the North American distributor of the Sony PS4 version of the Cooking Mama: Cookstar game.

64. COKeM promoted, distributed, offered for sale and sold the PS4 version of Cooking Mama: Cookstar game.

65. COKeM continued to promote, distribute, offer for sale and sell the PS4 version of Cooking Mama: Cookstar until at least November 3, 2022.

66. COKeM contributed to the infringing sales made by Koch Media.

67.     COKeM's sale and distribution of the Cooking Mama: Cookstar game directly infringes OC's IP rights and has contributed to Planet's/Grossman's willful and intentional infringement of OC's IP rights.

68.     COKeM's direct infringement and contributory infringement were knowing and willful.

69.     The above-stated facts concerning COKeM's knowledge and contribution to the unauthorized and infringing distribution and sale of the Switch version of Cooking Mama: Cookstar game apply to the unauthorized and infringing distribution and sale of the PS4 version of Cooking Mama: Cookstar game and are incorporated by reference as if restated in full.

70.     COKeM continued to promote, distribute, offer for sale and sell the Switch and PS4 versions of the Cooking Mama: Cookstar games despite knowing that OC had not authorized the release of the games.

71.     COKeM continued to promote, distribute, offer for sale and sell the Switch and PS4 versions of the Cooking Mama: Cookstar games despite knowing that OC had terminated Planet's license to use OC's IP.

## COUNT I: CONTRIBUTORY TRADEMARK INFRINGEMENT

72.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

73.     The Arbitral Tribunal has found that the Switch and PS4 versions of Cooking Mama: Cookstar infringe OC's registered trademark, and that Planet and Grossman are jointly liable as direct infringers.

74.     The Arbitral Tribunal determined the damages arising from the Lanham Act violations totaled US$20,913,200. (Exhibit 1 at ¶¶141-151).

75.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that OC had terminated Planet's license to use OC's IP.

76.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that OC had not licensed Planet (or any other entity) to create any Cooking Mama games for PS4.

77.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo had removed Cooking Mama: Cookstar from the Nintendo eShop.

78.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo had removed Cooking Mama: Cookstar from its Nintendo Direct promotion.

79.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo refused to accept or fulfill orders for physical copies of Cooking Mama: Cookstar placed by Planet and/or Grossman.

80.     At all times relevant hereto, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know the Switch and PS4 versions of the Cooking Mama: Cookstar games that it was promoting, distributing and selling were not authorized and/or licensed by OC.

81.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know the Switch and PS4 versions of the Cooking Mama: Cookstar game were infringing.

82. COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, actively and knowingly participated in the marketing, promotion, distribution and sale of the infringing Switch and PS4 versions of Cooking Mama: Cookstar.

83. Despite the foregoing, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, placed order(s) with Nintendo to obtain additional copies of the Cooking Mama: Cookstar game, thereby enabling and contributing to Planet's infringement of OC's IP.

84. Despite the foregoing, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, cooperated with others including, *inter alia,* Planet, Grossman and Koch Media to market, promote, distribute and/or sell the infringing Switch and PS4 versions of Cooking Mama: Cookstar.

85. COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, facilitated, induced and/or contributed to the unauthorized acts of Planet and Grossman in marketing, promoting, selling, and otherwise distributing the infringing Switch version of Cooking Mama: Cookstar and the infringing PS4 version of Cooking Mama: Cookstar, as such, Defendant COKeM is liable as a contributory infringer in violation of 15 U.S.C. § 1114.

86. COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, have actual knowledge that its customers were marketing, promoting, selling, and otherwise distributing the infringing Switch version of Cooking Mama: Cookstar and the infringing PS4 version of Cooking Mama: Cookstar, as such, Defendant COKeM is liable as a contributory infringer in violation of 15 U.S.C. § 1114.

87. COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, have materially encouraged, enabled, and contributed to the infringing conduct of its customers.

88.     At all times relevant hereto, COKeM's infringing conduct was willful and/or in willful disregard of OC's exclusive rights in the Cooking Mama trademark.

89.     By reason of Defendant COKeM's contributory infringement, COKeM is joint and severally liable for the corresponding damages awarded by the Arbitral Tribunal and which it ordered Planet/Grossman to pay to OC.

### COUNT II: CONTRIBUTORY FALSE DESIGNATION OF ORIGIN

90.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

91.     The Arbitral Tribunal found that the use of OC's IP in marketing activities, packaging, and social media is likely to confuse consumers who would make the fair assumption that the use of the Cooking Mama trademark and associated intellectual property had been validly licensed by OC, which they were not.

92.     The Arbitral Tribunal concluded Planet and Grossman willfully and intentionally engaged in false designation of origin in violation of 15 U.S.C. § 1125(a) and are therefore, jointly liable as direct infringers.

93.     The Arbitral Tribunal determined the damages arising from the Lanham Act violations totaled US$20,913,200. (Exhibit 1 at ¶¶141-151).

94.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that OC had terminated Planet's license to use OC's IP.

95.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that OC had not licensed Planet (or any other entity) to create any Cooking Mama games for PS4.

96.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo had removed Cooking Mama: Cookstar from the Nintendo eShop.

97.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo had removed Cooking Mama: Cookstar from its Nintendo Direct promotion.

98.     At all times relevant hereto COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know that Nintendo refused to accept or fulfill orders for physical copies of Cooking Mama: Cookstar placed by Planet and/or Grossman.

99.     At all times relevant hereto, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know the Switch and PS4 versions of the Cooking Mama: Cookstar games that it was promoting, distributing and selling were not authorized and/or licensed by OC.

100.    At all times relevant hereto, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, knew and/or had reason to know the Switch and PS4 versions of the Cooking Mama: Cookstar game were infringing.

101.    COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, actively and knowingly participated in the marketing, promotion, distribution and sale of the infringing Switch and PS4 versions of Cooking Mama: Cookstar.

102.    Despite the foregoing, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, placed order(s) with Nintendo to obtain additional copies of the Cooking Mama: Cookstar game, thereby enabling and contributing to Planet's infringement of OC's IP.

103.    Despite the foregoing, COKeM and Mr. Paul Eibeler, in his role as Chairman of COKeM, cooperated with others including, *inter alia,* Planet, Grossman and Koch Media to market, promote, distribute and/or sell the infringing Switch and PS4 versions of Cooking Mama: Cookstar.

104.    COKeM's use of OC's IP in marketing activities, promotional activities, packaging, and social media, through which it indicated that the use of the Cooking Mama trademark, its copyrights and associated intellectual property and the affirmative indication that Cooking Mama: Cookstar games had been licensed by OC, was likely to confuse consumers who would make the fair albeit false assumption that the products were in fact licensed by OC.

105.    COKeM and Mr. Paul Eibeler facilitated, induced and/or contributed to the unauthorized acts of Planet and Grossman by marketing, promoting, selling, and otherwise distributing the infringing Switch and PS4 versions of Cooking Mama: Cookstar and, as such, Defendant COKeM is liable as a contributory infringer in violation of 15 U.S.C. § 1125(a).

106.    At all times relevant hereto, COKeM's conduct was willful and/or in willful disregard of OC's exclusive rights in the Cooking Mama trademark.

107.    By reason of Defendant COKeM's contributory infringement, COKeM is joint and severally liable for the corresponding damages awarded by the Arbitral Tribunal and which it ordered Planet/Grossman to pay to OC.

## COUNT III: UNJUST ENRICHMENT

108.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

109.    The aforesaid acts of COKeM's unauthorized and infringing use of OC's IP in connection with the promotion, distribution and/or sale of the Switch and PS4 versions of the

Cooking Mama: Cookstar game, which improperly take advantage of consumer recognition of OC's reputation and goodwill, have resulted in COKeM being unfairly enriched at OC's expense.

110.    This unjust enrichment has been gained at the sole and wrongful expense of OC. Equity and good conscience militate against permitting COKeM to retain the enrichment that it derived by its unauthorized and infringing use of OC's IP.

111.    As a direct and proximate result of the foregoing acts, COKeM has been enriched at OC's expense.

112.    OC is entitled to recover from COKeM, the amounts in which COKeM has been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, OC prays:

A.    For judgment that Defendant has:

i.    contributorily infringed OC's Cooking Mama trademarks in violation of 15 U.S.C. § 1114 with respect to the Switch and PS4 versions of Cooking Mama: Cookstar;

ii.    contributorily falsely designated the origin of the Switch and PS4 versions of Cooking Mama: Cookstar in violation of 15 U.S.C. § 1125(a);

B.    That an injunction be issued permanently enjoining and restraining Defendant, each of its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with Defendant from:

i.    Facilitating, inducing, or otherwise contributing to the infringement of OC's Cooking Mama trademark or any other reproduction, counterfeit, copy or colorable imitation of OC's Cooking Mama trademark on or in connection with any goods or services;

ii.    Engaging in any course of conduct likely to cause confusion with respect to or otherwise injure OC's business reputation;

iii.    Facilitating, inducing, or otherwise contributing to and/or making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with OC, or are sold, manufactured, licensed, sponsored, approved, or authorized by OC;

iv.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (iv) above.

C.    Entry of an Order pursuant to, *inter alia*, 15 U.S.C. § 1118, directing Defendant to destroy all copies of all infringing labels, packages, advertisements, software code (in all forms and formats), art files, resources, and other articles, including the deletion of all digital files on cloud servers, backup drives, personal computers – under the physical, legal, or contractual control of Defendant.

D.    Entry of an Order that Defendant be held joint and severally liable for the amounts ordered to be paid to Plaintiff by Planet and Grossman in the Arbitration Award;

E.    Entry of an Order that Defendant pay to Plaintiff damages in an amount of no less than US$20,913,200 (plus 9% annual interest accruing from October 3, 2022, on any unpaid amounts); and

F.    Such other further relief as the Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated this 26th day of June, 2024                 Respectfully submitted
                                                  on behalf of the Plaintiff

                                                  **HELEY, DUNCAN & MELANDER, PLLP**

                                                  By: _Donald R. McNeil_
                                                  Donald R. McNeil (#0200840)
                                                  Elizabeth Ridley Scott (#396678)
                                                  Brian Varland (#0339763)
                                                  8500 Normandale Lake Boulevard
                                                  Suite 2110
                                                  Minneapolis, Minnesota 55437
                                                  (952) 841-0001

                                                  **MARC R. LABGOLD, PC**

                                                  By: _/s/ Marc. R. Labold_
                                                  Mark R. Labold, Ph.D. *(pro hac vice forthcoming)*
                                                       mlabgold@labgoldlaw.com
                                                  Patrick J. hoeffner *(pro hac vice forthcoming)*
                                                       phoeffner@labgoldlaw.com
                                                  Megan C. Labgold *(pro hac vice forthcoming)*
                                                       megan@labgoldlaw.com
                                                  1900 Reston Metro Plaza, Suite 600
                                                  Reston, Virginia 20190
                                                  Tel: (703) 901-8860
                                                  Fax: (877) 401-8855