**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Office Create Corporation,

Plaintiff,

v.

COKeM International Ltd.,

Defendant and Third-Party Plaintiff,

v.

Planet Entertainment LLC and Steven Grossman,

Third-Party Defendants.

Case No. 24-cv-02476 (JMB/ECW)

**ORDER**

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Motion") (Dkt. 106) pursuant to Local Rule 5.6(d) concerning documents filed under seal in connection with Plaintiff Office Create Corporation's Motion to Exclude Expert Testimony of Christina M. Solomon (Dkts. 91, 91-1, and 96).

Specifically, the parties seek continued sealing of the unredacted copies[1] of the Expert Reports of Alan G. Goedde (Dkt. 91) and Christina M. Solomon (Dkt. 91-1), as well as an excerpt of testimony that Dr. Goode provided at an arbitration (Dkt. 96). In their expert reports, Goedde and Solomon provide their opinions as to damages. (Dkt.

[1] Proposed redactions by the parties for Docket Entries 91 and 91-1 can be found at Docket Entries 106-2 (for Docket Entry 91) and 106-3 (for Docket Entry 91-1).

106-2 at 5; 106-3 at 5.) The parties assert that continued sealing is justified for some of this information because "[t]he information regarding sales and profits contains nonpublic competitively sensitive information relating to Plaion Inc., Plaion GmbH, and COKeM."[2] (Dkt. 106 at 2.) The parties assert that, for other information, continued sealing is justified because it derives from a confidential settlement or because it identifies confidential proceedings. (*Id.* at 2-3.)

## II. LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation modified).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference

[2] Plaion Inc. and Plaion GmbH were previously named as Defendants in this action, but "resolved their dispute [with Plaintiff] via a confidential settlement agreement" (*see* Dkt. 85) and were dismissed from this matter on January 6, 2026. (Dkt. 86.)

> against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021). That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021). "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

## III. ANALYSIS

The Court begins by noting the role of the documents and information at issue in the Court's exercise if its duties. *See id.* Here, the documents at issue were filed in connection with Plaintiff Office Create Corporation's Motion to Exclude Expert Testimony of Christina M. Solomon (Dkt. 87). (*See* Dkt. 106 at 1.) That Motion did not challenge the substantive damages calculations or underlying dollar amounts contained within the respective expert reports. (*See* Dkt. 87.) Rather, the Motion sought to strike parts of Ms. Solomon's expert report as untimely. (*Id.*) Accordingly, the Court based its decision on the timeliness of the expert report and did not consider the substantive analysis or conclusions of the expert reports. (*See* Dkt. 105 at 34:16-45:15.) As such, the Court finds that the documents and information at issue in this Motion played a negligible role in the Court's exercise of its duties at this stage in the litigation, and the resulting value of this information to those monitoring the federal courts is low.[3] The Court balances this value against the interests of the parties in continued sealing. *See IDT*, 709 F.3d at 1223.

Here, the Parties have identified three categories of interests served by maintaining confidentiality: the competitive sensitivity of nonpublic information about sales and profits, the confidentiality of certain proceedings, and the confidentiality of the settlement

---

3 However, the Court notes that at later stages of this litigation, the role of the documents underlying the parties' damages calculations is likely to be significantly more relevant to the Court's exercise of its Article III duties.

between Plaintiff and former Defendants Plaion Inc. and Plaion GmbH. (*See* Dkt. 106 at 2-3.)

**A. Sales and Profits**

The parties seek continued sealing of information in the two expert reports regarding sales and profits because these excerpts "contain[] nonpublic competitively sensitive information." (*Id.*) As an initial matter the Court notes that purportedly competitively sensitive nonpublic business information, such as sales data, may be insufficient to justify continued sealing where the public's interest in the information is strong. *See, e.g. Am. Dairy Queen Corp. v. W.B. Mason Co.*, No. 18-CV-693 (SRN/ECW), 2021 WL 4526158, at *2 (D. Minn. Oct. 4, 2021) (denying sealing and concluding that the parties property and privacy interests in "past sales of Blizzard treats, total past amounts spent over an eleven-year period for marketing of Blizzard treats, why W.B. Mason decided to sell water, and public recognition of the BLIZZARD mark" were "weak"). However, the Court concludes that at this point in the litigation, the minimal value of this information to the public does not outweigh the parties' interests in having this information remain sealed.

The Court cautions the parties, however, that to the extent they rely on the sealed information in future dispositive motions, the public's interest at that point may warrant a different result. *See Condair Grp. AG v. Dri-Steem Corp.*, No. 21-CV-863 (PJS/ECW), 2023 WL 2560837, at *2 (D. Minn. Mar. 17, 2023) (granting continued sealing but noting that "given that some of these documents were filed in conjunction with a non-dispositive motion, the Court emphasizes that this decision is not determinative as to

whether the information in the above docket entries will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions").

**B. Confidential Proceedings**

The parties request that "the identity of certain proceedings and parties in Dr. Goedde's Rule 26(A)(2)(B) disclosure of testimony" remain sealed because this information "identifies parties involved in confidential, nonpublic proceedings and the identities of those proceedings." (Dkt. 106 at 2.) The parties also request that the excerpt of Dr. Goedde's testimony from a "confidential ICC Arbitration" remain under seal because "[t]he excerpted testimony was taken in a confidential arbitration proceeding that is subject to confidentiality obligations governing the parties, witnesses, and arbitration record." (*Id.* at 2-3.) The Court concludes that this interest, weighed against the public's interest in this information, justifies continued sealing at this time. *See UnitedHealth Grp., Inc. v. Fringer*, No. 21-CV-113 (JRT/ECW), 2021 WL 10395830, at *1 (D. Minn. May 28, 2021) ("[T]he Court concludes that the need to maintain the arbitration proceedings in these docket entries, subject to the confidentially clause in the arbitration clause, under seal outweighs the public's right of access especially in light of the procedural posture of this case.").

**C. Confidential Settlement**

Finally, the parties seek continued sealing of "information regarding Plaintiff's confidential settlement with Plaion Inc. and Plaion GmbH" as this information "is derived from a settlement agreement containing an express confidentiality provision."

(Dkt. 106 at 2.) The Court notes that, while there is a legitimate interest in keeping settlement negotiations confidential in order to encourage settlement, in some cases, this interest may be outweighed by the public's interest in accessing court records. *See Seamon v. Midwest Bonding, LLC*, No. 24-CV-00082 (NEB/ECW), 2025 WL 847829, at *3 (D. Minn. Mar. 18, 2025) (quoting *Sleep No. Corp. v. Young*, No. 20-CV-01507 (NEB/ECW), 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022)). Here, however, the Court concludes that the parties' interest in maintaining the confidentiality of their settlement agreement outweighs the public's interest in this information at this stage in the litigation.

* * *

In sum, based on the parties' representations and the Court's review of the documents, the Court finds that Docket Entries 91, 91-1, and 96 should remain sealed, as the right of the public to have access to this information, in light of the Court's Order on Plaintiff Office Create Corporation's Motion to Exclude Expert Testimony of Christina M. Solomon, does not outweigh the interests of the parties in having this information remained sealed. Again, the Court emphasizes that this decision is not determinative as to whether the above docket entries will remain sealed in the future to the extent that the sealed information is considered by the Court with respect to future dispositive motions. *See Condair Grp. AG*, 2023 WL 2560837, at *2.

## IV. ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continued Sealing (Dkt. 106) is **GRANTED**.

2. Docket Entries 91, 91-1, and 96 will remain **SEALED**;

3. The proposed redactions of Docket Entries 91 and 91-1, filed as Docket Entries 106-2 and 106-3, are accepted by the Court.

DATED: September 3, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge